# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SKYLER STEPHEN NEWSOME** | : | **DOCKET NO. 2:05-cv-1044**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **J. P. YOUNG, WARDEN, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Skyler Stephen Newsome, pursuant to 28 U.S.C. §2241. By this petition, the petitioner seeks to challenge his sentence. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner states that on July 12, 1999 he pled guilty to Count Nine of a fourteen count indictment which charged him with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). For this offense, the petitioner was sentenced to a 150 month term of imprisonment to be followed by a 3 year term of supervised release. Petitioner contends that in determining his offense level and subsequent guideline range, the sentencing court relied on facts which were not charged in the indictment, presented to a jury, admitted by him, or proven beyond a reasonable doubt. Relying on the recent Supreme Court cases of *United States v. Booker,* — U.S. —, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531 (2004), the petitioner claims that his sentence was unlawfully enhanced under the federal Sentencing Guidelines.

Petitioner has previously challenged his sentence on direct appeal[1] and by filing a Motion to Vacate under § 2255[2], and by filing a petition pursuant to 28 U.S.C. § 2241 which is currently pending in this court.[3] Petitioner specifically files this petition pursuant to § 2241, claiming that the remedy provided by § 2255 is inadequate and ineffective to challenge his detention.

Because this petition raises arguments identical to those present in his other *habeas* petition pending before this court, the undersigned finds that this petition is subject to dismissal as being duplicative of the prior petition. *See Patterson v. Dretke*, 95 Fed.Appx. 705 (5th Cir. 2004). Alternatively, for the reasons stated in the Report and Recommendation issued in *Newsome v. Young*, 2:05-cv-975 [doc. 2] and in light of the Fifth Circuit's recent decision in *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005), the court finds that this court lacks jurisdiction to consider the merits of this petition because the petitioner fails to satisfy the "savings clause" of 28 U.S.C. § 2255.

For these reasons,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[1] Petitioner filed a direct appeal with the Fifth Circuit on July 23, 1999. *See USA v. Newsome*, 99-50696 (5th Cir.). Following the denial of his appeal, he filed a petition for writ of certiorari with the U.S. Supreme Court which was denied on October 2, 2000. *See USA v. Newsome,* 99-9909 (US).

[2] Petitioner filed a Motion to Vacate under § 2255 with the sentencing court on October 2, 2001. His § 2255 petition was dismissed on April 17, 2002. *See USA v. Newsome*, W-98-CR-074 (05) [docs. 390 & 408]. He appealed the denial of his § 2255 petition to the Fifth Circuit. *See USA v. Newsome*, 2-50798 (5th Cir.). However, this appeal was dismissed on October 18, 2002 due to petitioner's failure to prosecute the case. *Id; USA v. Newsome*, W-98-CR-074 (05) [doc. 430].

[3] *Newsome v. Young*, 2:05-cv-975.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE